UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| DUSTIN A. BOES, | ) | CIV. 10-4046-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING |
| vs. | ) | DEFENDANT'S MOTION TO |
| | ) | CONSOLIDATE |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Dustin A. Boes, alleges that defendant, United States of America, violated the Federal Tort Claims Act (FTCA), specifically 28 U.S.C. §§ 2671, 1346(b)(1), through the actions of its agents Jeff Metzinger and Chad Mosteller. In a separate action pending before this court, *Boes v. Metzinger.* 08-CIV-4180-KES (*Metzinger*), Boes asserts various state-law causes of action and a 42 U.S.C. § 1983 claim against Metzinger and Mosteller. The United States moves to consolidate this case and *Metzinger*. Boes resists. The motion is granted.

## BACKGROUND

The pertinent facts to this order are as follows:

During the relevant time period, Metzinger was a police officer for the city of Pierre in South Dakota and Mosteller was an agent for South Dakota's Division of Criminal Investigation. Both were members of the Northern Plains Safe Trails Drug Enforcement Task Force, which the Federal Bureau of

Investigation oversees. On February 21, 2007, Metzinger swore out a probable cause affidavit, which Boes alleges contained false statements that Boes sold illegal drugs on June 6, 2006, and October 23, 2006.

As a result of Metzinger's affidavit, a criminal complaint was issued on February 21, 2007, and, pursuant to an arrest warrant, Boes was arrested and jailed on April 7, 2007. Boes spent that Saturday evening, Easter Sunday, and Monday morning in jail before being bonded out. During discussions with Metzinger and Mosteller on April 8, 2007, Boes alleges that he offered specific facts showing that they arrested the wrong individual.

Boes's initial appearance was scheduled for April 9, 2007. Before that appearance, Boes's attorney contacted the South Dakota Attorney General's Office and explained that Boes was innocent. The Attorney General agreed and dismissed the charges against Boes.

On May 8, 2007, the South Dakota Attorney General issued a letter stating that "Boes was wrongfully identified and arrested on or about April 8, 2007. Mr. Boes was in no way involved in any criminal activity." Docket 1 at ¶ 31.

In this action, Boes alleges that he sustained emotional and physical injury, pain and suffering, lost wages, damage to his reputation, impairment of his earning capacity, and miscellaneous expenses and that Metzinger and

Mosteller proximately caused his injuries. Boes seeks an award in the amount of $250,000.

In *Metzinger*, Boes alleges the same facts in an almost identical complaint, and he asserts a § 1983 cause of action and state-law claims of malicious prosecution, false arrest, and intentional infliction of emotional distress against Metzinger and Mosteller. Civ. 08-4180, Docket 1. Boes seeks an unspecified amount of money from Mosteller and Metzinger as damages.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 42(a)(2), if two "actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." The federal rules permit consolidation " 'as a matter of convenience and economy in administration' " but consolidation " 'does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.' " *Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994) (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933)). Consolidated suits maintain their independent identities. *Horizon Asset Mgmt., Inc. v. H & R Block, Inc.*, 580 F.3d 755, 769 (8th Cir. 2009) ("A consolidated case 'retain[s] its independent status,' and plaintiffs in a consolidated action . . . are still 'entitled to a decision on the merits of their claims.' " (alteration in original) (quoting *DeGraffenreid v. Gen. Motors Assembly Div.*, 558 F.2d 480, 486 (8th Cir. 1977))).

" 'The threshold issue is whether the two proceedings involve a common party **and** common issues of fact or law.' " *Enterprise Bank*, 21 F.3d at 235 (quoting *Seguro de Servicio de Salud v. McAuto Sys. Group*, 878 F.2d 5, 8 (1st Cir. 1989)). Even if the defendants are not identical, consolidation may still be appropriate if common questions of fact or law exist. 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2382 (3d ed. 2008) ("If an appropriate common question exists, federal courts have often consolidated actions despite differences in the parties.").

If the threshold question is met, the court then weighs "the saving of time and effort that . . . Rule 42(a) would produce against any inconvenience, delay, or expense that it would cause for the litigants and the trial judge." *Id.*; *see also EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998) ("Consolidation is inappropriate, however, if it leads to inefficiency, inconvenience, or unfair prejudice to a party."). The district court has broad discretion to consolidate cases under Rule 42. *Enterprise Bank*, 21 F.3d at 235.

This action and *Metzinger* involve a common party because Boes is the plaintiff in both actions. There are many identical factual issues between the actions. Both actions involve the same two actors, Metzinger and Mosteller, and the same underlying facts surrounding the February 2007 affidavit, Boes's April 7, 2007, arrest, and the April 8, 2007, interrogation. While Boes may need

to prove additional facts to succeed in this action as compared to *Metzinger*, the core facts are identical.

Even though there are separate tortfeasors in this action and in *Metzinger*, as long as there is a common legal question, "[a]ctions by a plaintiff against different tortfeasors may . . . be consolidated." 9A Wright & Miller at § 2382. Ultimately, both cases turn on whether Boes was arrested without probable cause and whether Metzinger and Mosteller should have released Boes when he explained the facts to them. The determination of that question will, in part, resolve the FTCA claim against the government and, in part, resolve the § 1983 action and state-law causes of action against Metzinger and Mosteller.

Because the threshold issues of same parties and common questions of law and fact are met, the court must now balance the time and effort saved by consolidation against any prejudice consolidation could cause Boes. The anticipated witnesses for both cases are the same and, if the actions are consolidated, they will only have to testify once, rather than twice. If applicable, the court can decide motions in these two actions jointly, which saves the court and the parties time and resources. Thus, consolidation would save the court time and effort.

Boes argues that he will be prejudiced if the cases are consolidated because the FTCA claim will be tried to the court and *Metzinger* will be tried to

a jury: "If the cases are consolidated, the jury will hear evidence against both of the individual defendants, as well as the Government, but will be asked to ignore the latter and only resolve issues involving the individual defendants. Such an inquiry presents a substantial risk that the jury will confuse the evidence and the issues . . . ." Docket 20 at 2.

Courts can simultaneously hold jury and bench trials. In that situation, the court allows parties to present evidence necessary for the jury trial to the jury and will hear evidence pertaining to the bench trial after the conclusion of the jury trial each day or at the close of the jury trial. In this situation, the court can still consolidate the two actions. *See* 9A Wright & Miller at § 2382 (reasoning that cases consolidated under Rule 42 do not need to be consolidated in their entirety). The jury will not be presented with evidence on the FTCA claim and, thus, there is neither a risk that the jury will confuse the evidence nor does a possibility of unfair prejudice to Boes exist.

Boes further argues that consolidation would be inefficient and inconvenient because "the resolution of the Federal Tort Claims issues may well resolve the issues presented by [*Metzinger*] . . . . Therefore, it makes sense to resolve the suit that may render the second suit moot, or at least significantly narrow any remaining issues." Docket 20 at 2. Defendants to both actions, however, have indicated a "desire to make a joint offer of settlement pursuant to Fed. R. Civ. P. 68." Docket 21 at 3. If the cases are not consolidated,

6

defendants contend that they may be prejudiced in making a settlement offer because "an offer of judgment might not result in effectively covering the Plaintiff's costs (which includes attorney fees in 1983 actions but not in FTCA actions)." Docket 21 at 3.

The law generally "encourages parties to settle disputes." *Perkins v. Gen. Motors Corp.*, 965 F.2d 597, 600 (8th Cir. 1992); *see also Lunsford v. United States*, 570 F.2d 221, 228 (8th Cir. 1977) (reasoning that the FTCA encourages parties to settle). A Rule 68 settlement is "designed to encourage complete settlement, not simply resolve the issues of liability and remedies." *Radecki v. Amoco Oil Co.*, 858 F.2d 397, 401 (8th Cir. 1988). If defendants are not allowed to make lump-sum settlement offers that encourage settlement, which represent their total liability, " 'they would understandably be reluctant to make settlement offers.' " *Id.* (quoting *Marek v. Chesny*, 473 U.S. 1, 6-7 (1985)). Because consolidating the actions would allow all defendants to make a joint settlement offer, including attorney's fees, and would resolve all questions of liability, inefficiency and inconvenience would exist only if the court denied the motion to consolidate.

There is a common party in these two actions and numerous common questions of fact and law. The court has balanced the time and effort that consolidation would save the parties against the prejudice and inconvenience that Boes argues would result from consolidation. Finding that there is

significant time and effort to be saved in consolidation and further finding that Boes's claims of prejudice and inconvenience are without merit, consolidation of the two cases is appropriate in these circumstances. Accordingly, it is

ORDERED that defendant's motion to consolidate (Docket 18) is granted.

It is FURTHER ORDERED that *Boes v. Metzinger*, Civ. 08-4180, and *Boes v. United States*, Civ. 10-4046, are consolidated and future filings will be filed under *Boes v. Metzinger*, Civ. 08-4180.

Dated September 2, 2011.

                BY THE COURT:

                /s/ *Karen E. Schreier*
                KAREN E. SCHREIER
                CHIEF JUDGE